**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| SOPC HOLDINGS WEST LLC, § <br> the Tax Matters Partner of § <br> EQUILON ENTERPRISES LLC, § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> § <br> UNITED STATES OF AMERICA, § <br> § <br> Defendant. § | Case No.    4:18-CV-374 <br><br> Consolidated with 4:18-cv-376 <br> 4:18-cv-377 <br> 4:18-cv-378 |

**DEFENDANT UNITED STATES' CONSOLIDATED ANSWER TO SOPC HOLDINGS WEST LLC'S CONSOLIDATED SUPERSEDING COMPLAINT**

Defendant, the United States of America, in Answer to SOPC Holdings' Consolidated Superseding Complaint asserts that the introductory paragraphs of the Complaints merely set forth plaintiff's characterization of the actions and thus require no response. The United States denies each and every allegation in plaintiff's Complaints that is not expressly admitted below. Defendant further responds as follows:

**NATURE OF THE ACTION**

1.     This is an action brought with respect to Equilon Enterprises LLC ("Equilon") for the readjustment of partnership items under I.R.C. § 6226. Section 6226 is part of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), codified at I.R.C. § 6221 et seq. TEFRA is the part of the Internal Revenue Code that governs the tax treatment and litigation of partnership items for the years here at issue. (TEFRA is repealed for tax years beginning after December 31, 2018.)

RESPONSE:  Admits.

1

2. This action is being pursued to determine whether Equilon properly treated its fuel excise tax obligations under I.R.C. § 4081 as having separate tax consequences from its entitlement to the fuel mixing credits under I.R.C. § 6426(b) when it calculated its partnership income on its Amended Return or Administrative Adjustment Request (Form 1065X) ("Equilon's Amended Returns") for each year ending December 31, 2008, December 31, 2009, December 31, 2010, and December 31, 2011 (collectively, the "Years at Issue"). In particular, this action seeks a determination by the Court that the full amount of Equilon's fuel excise tax should have been included in its cost of goods sold for the Years at Issue, without any reduction for the fuel mixing credits it earned in each year, and that Defendant's refusal to permit Equilon to reduce its partnership income for each of those Years at Issue as a result is erroneous.

RESPONSE: Plaintiff's claims speak for themselves as to their basis. Denies that plaintiff is entitled to the relief that it seeks.

## PARTIES

3. The plaintiff is SOPC Holdings, a partner of Equilon within the meaning of I.R.C. § 6231(a) (2) and Equilon's Tax Matters Partner within the meaning of I.R.C. § 6231(a)(7).

RESPONSE: Admits.

4. SOPC Holdings is headquartered at 150 N. Dairy Ashford, Houston, Texas 77079.

RESPONSE: Admits.

5. In its capacity as the Tax Matters Partner of Equilon, SOPC Holdings is the authorized and proper party to bring this action under I.R.C. § 6226(a).

RESPONSE: Admits.

6.      Equilon is a limited liability company organized under the laws of Delaware and is a partnership under I.R.C. § 6231(a) (1).  Its principal place of business is located at 150 N. Dairy Ashford, Houston, Texas 77079, within the jurisdiction of this Court.

RESPONSE:  Admits.

7.      Defendant is the United States of America.

RESPONSE:  Admits.

## JURISDICTION AND VENUE

8.      Equilon timely filed its U.S. Return of Partnership Income (Form 1065) ("Equilon's Original Returns") with the Internal Revenue Service for each of the Years at Issue.

RESPONSE:  Admits.

9.      On October 23, 2014, Equilon's Amended Returns were timely filed with the IRS. Equilon's Amended Returns sought to correct a calculation error on Equilon's Original Returns that, as a result, increased Equilon's "cost of goods sold" and decreased its gross income and thus its partnership income for each of the Years at Issue.

RESPONSE:  Admits that plaintiff timely filed amended tax return for certain tax periods, in which plaintiff attempted to increase its cost of sales and thereby reduce its gross income, by including certain excise taxes in its cost of goods sold that it did not pay.  Denies that plaintiff is entitled to the relief it seeks.

10.     The IRS issued Final Partnership Administrative Adjustments ("FPAAs") on November 13, 2017, rejecting the correction that Equilon's Amended Returns made to Equilon's Original Returns and that reduced its partnership income for each of the Years at Issue.  Copies of the FPAAs are attached as **Exhibits A-D**.

RESPONSE: Admits that the IRS issued FPAAs rejecting plaintiff's attempts to increase its cost of goods by excise tax liabilities it did not pay, and thereby reduce its gross income. Admits that copies of plaintiff's Amended Returns are attached as Exhibits A-D to the Consolidated Complaint.

11. SOPC Holdings has timely filed this action within the 90-day period provided by I.R.C. § 6226(a).

RESPONSE: Admits.

12. Jurisdiction is proper in this Court pursuant to I.R.C. § 6226(a) and 28 U.S.C. §1346(e).

RESPONSE: Admits.

13. During the Years at Issue, SOPC Holdings was part of an "affiliated group" as defined by I.R.C. § 1504 and joined the other members of its affiliated group in filing a consolidated Federal income tax returns for each of the Years at Issue. Shell Petroleum Inc. was the "common parent" responsible for filing the consolidated Federal income tax returns.

RESPONSE: Admits.

14. It is required by I.R.C. § 6226(e) (1) that a partner filing a petition for readjustment of partnership items in a Federal district court deposit with the Secretary of the U.S. Department of Treasury the amount by which the tax liability of the partner would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items on the partnership return as adjusted by the FPAA.

RESPONSE: Paragraph 14 is plaintiff's statement of its understanding and characterization of a portion of the Internal Revenue Code not requiring a response.

15.     The FPAAs here resulted in a decrease to Equilon's partnership income, despite the IRS having erroneously rejected the calculation correction made by Equilon's Amended Returns.  As a result, and in accordance with I.R.C. § 6226(e) (1), SOPC Holding's tax liability for each of the Years at Issue would not be increased if the treatment of partnership items were made consistent with their treatment as adjusted by the FPAAs. See **Exhibits A-D**.

RESPONSE:  Admits that the FPAAs here resulted in a decrease to Equilon's partnership income and that SOPC Holdings' tax liability for each of the Years at Issue would not be increased if the treatment of the partnership items were made consistent with their treatment as adjusted by the FPAAs.  Denies that the IRS erroneously rejected the alleged calculation correction made by Equilon's Amended Returns.

16.     Accordingly, SOPC Holdings has determined, in good faith, that no deposit is required to satisfy the requirements of I.R.C. § 6226(e) (1) for any of the Years at Issue.

RESPONSE:  Paragraph 16 is plaintiff's statement of its understanding and characterization of certain legal filing requirements not requiring a response.  Lacks knowledge as to whether SOPC Holdings' determination was made in good faith.

17.     Equilon's principal place of business is Houston, Texas.  Venue is thus proper in this Court pursuant to I.R.C. § 6226(a) (2) and 28 U.S.C. § 1402(c).

RESPONSE:  Admits.

## BACKGROUND

18.     Equilon was formed in 1998 and, during 2008, was a partnership between TMR Company and SOPC Holdings.

RESPONSE:  Admits that Equilon was formed in 1998, and, during the Years at Issue was a partnership between TMR Company and SOPC Holdings.

5

19.     During the Years at Issue, Equilon operated three oil refineries in the United States. Equilon produced products including diesel, petrol, liquefied petroleum gas, aviation fuels, and motor fuel lubricants that it distributed to customers in the United States. Equilon also engaged in various fuel mixing activities at its refineries in order to produce alternative, renewable fuels.

RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

**Equilon's Fuel Removal Activities**

20.     Equilon's fuel removal activities included removing gasoline, diesel fuel, and kerosene from a refinery; thus, Equilon became subject to the Federal "manufacturers excise tax" on "motor and aviation fuels" under I.R.C. § 4081 (the "fuel excise tax").

RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21.     I.R.C. § 4081(a)(1)(A) generally imposes the fuel excise tax on "the removal of a taxable fuel from any refinery." The rate of the fuel excise tax imposed, including the 0.1 cent per gallon excise tax for the Leaking Underground Storage Tank Trust, varies by the fuel-type removed: gasoline at 18.4 cents per gallon; aviation gasoline at 19.4 cents per gallon; and diesel fuel or kerosene at 24.4 cents per gallon. See I.R.C. § 4081(a) (2).

RESPONSE:  Paragraph 21 is plaintiff's statement of its understanding and characterization of a portion of the Internal Revenue Code not requiring a response.

22.     I.R.C. § 9503(b) (1) provides that taxes received pursuant to I.R.C. § 4081 by the U.S. Department of Treasury are to be appropriated directly to the "Highway Trust Fund."

RESPONSE:  Paragraph 22 is plaintiff's statement of its understanding and characterization of a portion of the Internal Revenue Code not requiring a response.

23.     Because of its fuel removal activities, Equilon became liable for fuel excise taxes for each of the Years at Issue as follows:

| Year | Amount |
|---|---|
| 2008 | $1,311,643,507 |
| 2009 | $1,239,020,737 |
| 2010 | $1,232,644,717 |
| 2011 | $1,155,170,240 |

Neither the existence, nor the amount, of Equilon's fuel excise tax liability for any of the Years at Issue is in dispute.

RESPONSE: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

**Equilon's Alcohol Fuel Mixing Activities**

24.     During the Years at Issue, Equilon blended ethanol (a type of qualified alcohol) with gasoline to produce "gasohol" mixtures in fuels distributed for sale in its trade or business. In 2009, Equilon also blended biodiesel and diesel fuel to produce biodiesel mixtures in fuels distributed for sale in its trade or business. Equilon's fuel mixing activities entitled it to claim tax credits for "Alcohol, Fuel, Biodiesel, and Alternative Fuel Mixtures" under I.R.C. § 6426, specifically the "Alcohol Fuel Mixture Credit" under I.R.C. § 6426(b), and, in 2009, for the "Biodiesel Mixture Credit" under I.R.C. § 6426(c) (together, the "fuel mixing credits").

RESPONSE: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25.     In 2008, I.R.C. § 6426(b) generally provided an Alcohol Fuel Mixture Credit of 51 cents per each gallon of alcohol "used by the taxpayer in producing any alcohol fuel mixture for sale or use in a trade or business of the taxpayer." In 2009, 2010, and 2011, the Alcohol Fuel Mixture Credit was 45 cents per gallon.

7

RESPONSE: Paragraph 25 is plaintiff's statement of its understanding and characterization of a portion of the Internal Revenue Code not requiring a response.

26.     In 2009, I.R.C. § 6426(c) generally provided a Biodiesel Mixture Credit of $1.00 per each gallon of biodiesel "used by the taxpayer in producing any biodiesel mixture for sale or use in a trade or business of the taxpayer."

RESPONSE: Paragraph 26 is plaintiff's statement of its understanding and characterization of a portion of the Internal Revenue Code not requiring a response.

27.     The Alcohol Fuel Mixture Credit was enacted as part of the American Jobs Creation Act of 2004, Pub. L. No. 108-357, §§ 301-01, 118 Stat. 1418, 1459-66, to incentivize the manufacture of renewable fuels, including alternative fuels, corn-based ethanol blends, and biodiesel or alcohol fuel mixtures.

RESPONSE: Paragraph 27 is plaintiff's statement of its understanding and characterization of a portion of the Internal Revenue Code not requiring a response.

28.     As a result of its fuel mixing activities, Equilon was permitted fuel mixing credits for each of the Years at Issue, as follows:

| Year | Statutory Reference | Amount |
|---|---|---|
| 2008 | 6426(b) | $184,319,017.38 |
| 2009 | 6426(b) | $202,690,455.30 |
|  | 6426(c) | $469,227.00 |
| 2010 | 6426(b) | $233,863,764.30 |
| 2011 | 6426(b) | $221,582,940.30 |

Neither Equilon's entitlement to, nor the amount of, its fuel mixing credits is in dispute.

RESPONSE: Admits that Equilon claimed fuel mixing credits as set forth in the table in paragraph 28.

29.     For each quarter of the Years at Issue, Equilon reported its fuel excise tax liabilities and its Alcohol Fuel Mixture Credits by submitting a Quarterly Federal Excise Tax Return (Form

8

720) to the IRS.  For each quarter of the Years at Issue, Equilon remitted deposits to the U.S. Department of Treasury in satisfaction of its fuel excise tax liabilities in excess of its Alcohol Fuel Mixture Credits.

RESPONSE:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30.     Equilon's fuel mixing activities earned it fuel mixing credits for each of the Years at Issue regardless of whether it had engaged in fuel removal activities or had become liable for the fuel excise tax.

RESPONSE:  Admits that Equilon claimed fuel mixing credits as set forth in the table in paragraph 28.  To the extent that this paragraph sets forth a hypothetical rather than a statement of fact, it requires no response.

### Equilon's Partnership Income Calculations

31.     "Gross income" under I.R.C. § 61(a) (3) includes the proceeds from the sale of products, such as fuel and other petroleum products, less the direct costs of selling those products, i.e., less the "cost of goods sold" (see Treas. Reg. § 1.61-3(a)). On Equilon's Original Returns, Equilon calculated its cost of goods sold attributable to its fuel removal activities by including, among other things, its fuel excise taxes reduced by the amount of its fuel mixing credits. This calculation was wrong. Equilon should have included the full amount of its fuel excise taxes in its cost of goods sold and should not have decreased its cost of goods sold by the amount of the fuel mixing.  As a result of this error on Equilon's Original Returns, Equilon understated its cost

of goods sold, overstated its gross income, and, thus, over-reported its partnership income by the following amounts for the Years at Issue:

| Year at Issue | Amount |
| --- | --- |
| 2008 | $184,319,017 |
| 2009 | $203,159,682 |
| 2010 | $233,863,764 |
| 2011 | $221,582,940 |

RESPONSE: The first sentence of paragraph 31 is plaintiff's statement of its understanding and characterization of a portion of the Internal Revenue Code not requiring a response. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of 31. Denies the remainder of paragraph 31.

32. Equilon's Amended Returns corrected this calculation error by excluding the fuel mixture credits from its gross income. In accordance with I.R.C. § 6426(a), Equilon simply used its fuel mixing credits to pay its fuel excise tax liability. Equilon's Amended Returns thus corrected Equilon's Original Returns, increasing Equilon's cost of goods sold and decreasing its gross income by the following amounts for the Years at Issue:

| Year at Issue | Amount |
| --- | --- |
| 2008 | $184,319,017 |
| 2009 | $203,159,682 |
| 2010 | $233,863,764 |
| 2011 | $221,582,940 |

RESPONSE: Admits that the Amended Returns claimed adjustments to gross income as set forth in the table in paragraph 32. Denies the remainder of paragraph 32.

33. If Equilon's refineries had not engaged in *any* fuel removal activities and had engaged solely in fuel mixing activities, Equilon would not have paid any fuel excise taxes but still would have been allowed the fuel mixing credits, which would not have been included in Equilon's gross income for any of the Years at Issue.

RESPONSE:  Paragraph 33 sets forth a hypothetical rather than a statement of fact and therefore requires no response.

## CLAIM FOR RELIEF

### The IRS Incorrectly Disallowed Equilon's Computational Correction

No response is necessary as to the remainder of the Complaint because it is a claim for relief.  The United States denies all allegations not otherwise specifically admitted, qualified or denied.  The United States respectfully requests that the plaintiff take nothing from this suit and that the United States be awarded costs and such other appropriate relief.

Dated: June 25, 2018

>RYAN K. PATRICK
>United States Attorney
>
> /s/ Curtis C. Smith
>KARI M. LARSON
>Attorney-In-Charge
>Admitted *Pro Hac Vice*
>DC Bar No. 466743
>P.O. Box 683
>Ben Franklin Station
>Washington, DC 220044
>(202) 616-3822
>Kari.M.Larson@usdoj.gov
>
>CURTIS C. SMITH
>Fed. Id. No. 1092406
>State Bar No. AZ 026374
>717 N. Harwood, Suite 400
>Dallas, Texas 75201
>(214) 880-9734
>(214) 880-9741 (fax)
>Curtis.C.Smith@usdoj.gov
>
>Trial Attorneys, Tax Division
>U.S. Department of Justice
>
>ATTORNEYS FOR UNITED STATES

## CERTIFICATE OF SRVICE

I certify that on June 25, 2018, I electronically filed the Defendant United States' Answer. The document has been electronically served upon the following through the ECF system:

Thomas V. Linguanti
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
thomas.linguanti@morganlewis.com

/s/ Curtis C. Smith
Kari M. Larson
U.S. Dept. of Justice, Tax Division